Corinne Orquiola (SBN 226969)
corquiola@consumerlawcenter.com
Krohn & Moss, Ltd.
1112 Ocean Drive, Suite 301
Manhattan Beach, CA 90266
Tel: (323) 988-2400
Fax: (866) 861-1390

Attorney for Plaintiff, MATTHEW ROTH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DISVISION

| | |
|---|---|
| MATTHEW ROTH,<br><br>        Plaintiff,<br><br>   v.<br><br>CREDIT ONE FINANCIAL<br>d/b/a Credit One Bank,<br><br>        Defendant. | Case No.: 8:16-cv-340<br><br>**COMPLAINT**<br><br>**(Unlawful Debt Collection Practices)** |

MATTHEW ROTH ("Plaintiff"), by his attorneys, KROHN & MOSS, LTD., alleges the following against CREDIT ONE FINANCIAL d/b/a Credit One Bank ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act ("Rosenthal"), Cal. Civ. Code §1788 *et seq*.

2. Count II of the Plaintiff's Complaint is based on Telephone Consumer Protection Act ("TCPA"), 28 U.S.C. §227 *et seq.*

///

- 1 -

PLAINTIFF'S VERIFIED COMPLAINT

## JURISDICTION AND VENUE

3. Jurisdiction of this court over Count II of Plaintiff's Complaint arises pursuant to 15 U.S.C. § 1331 and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained in Count I.

4. Defendant conducts business in the State of California thereby establishing personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Los Angeles, Los Angeles County, California.

7. Plaintiff is a consumer or debtor and allegedly owes a debt as that term is defined by Cal. Civ. Code § 1788.2(d)-(e).

8. Defendant is a business entity with an office located at 585 Pilot Road, Las Vegas, Nevada 89119.

9. Defendant is a debt collector as that term is defined by Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Plaintiff acquired a credit card from Defendant which was used for personal, family, and household purposes.

12. In or around November 2015, Defendant began placing telephone calls to telephone number (562) 417-7507, which is Plaintiff's cellular telephone.

13. Upon information and belief based on the frequency, number, nature, and character of these calls, Defendant placed each of its calls to Plaintiff using an automatic telephone

dialing system or other equipment that hast the capacity to store and/or produce telephone numbers.

14. The purpose of these calls was to collect funds from Plaintiff for purchased arising from the credit card.

15. Between November 20, 2015 and December 1, 2015, Defendant called Plaintiff's cell phone twenty-three (23) times.

16. During the aforementioned time period Defendant called Plaintiff's cell phone up to four (4) times in a single day.

17. On December 2, 2015, at approximately 9:32 AM, Plaintiff spoke with one of Defendant's representatives and instructed Defendant to stop calling his cell phone number.

18. On December 9, 2015, at approximately 9:17 AM, Defendant resumed calling Plaintiff's cell phone.

19. Between December 9, 2015 and February 8, 2016, Defendant called Plaintiff's cell phone two hundred thirty-one (231) times.

20. During this time period Defendant called Plaintiff's cell phone as many as nine (9) times in a single day.

21. Despite Plaintiff's earlier instruction to Defendant to stop calling, Plaintiff instructed Defendant a second time on February 8, 2016, at approximately 11:53 AM, to stop calling his cell phone.

22. Defendant's representative apologized to Plaintiff for the calls despite his prior instruction to stop.

23. However, Defendant resumed calling Plaintiff's cell phone again on February 13, 2016.

24. Since February 13, 2016, Defendant has called Plaintiff's cell phone at least fifty-eight (58) times and continues to call Plaintiff's cell phone to date.

PLAINTIFF'S VERIFIED COMPLAINT

25. Defendant continued to use an automatic telephone dialing system to call Plaintiff's cell phone without his prior express consent at least two hundred eighty-nine (289) times.

26. At least fifty-eight (58) of those calls were placed after Plaintiff instructed Defendant to stop calling a second time, and after Defendant apologized for the continued calls.

27. Defendant is a business entity that conducts business on a national scale.

28. As demonstrated by a class action filed against Defendant, Defendant engages in a regular pattern of conduct for using dialers to call consumers' cell phones without their prior express consent.

29. Defendant voluntarily and willfully placed each of these calls to Plaintiff.

30. Defendant intended to use an automatic telephone dialing system to place these calls to Plaintiff.

31. Defendant did not have Plaintiff's prior express consent to place any calls to his cell phone after December 2, 2015.

32. Plaintiff feels annoyed and harassed by Defendant's continued calls to his cell phone despite his instructions for the calls to stop.

**COUNT I**
**DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

33. Defendant violated the Rosenthal based on the following:

   a. Defendant violated the § 1788.11(d) of the Rosenthal by causing Plaintiff's telephone to ring repeatedly or continuously to annoy the person called.

   b. Defendant violated § 1788.11(e) of the RFDCPA by communicating, by telephone, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances

   c. Defendant violated the §1788.17 of the Rosenthal by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. §

1692 *et seq.* to wit: Sections 1692d.

WHEREFORE, Plaintiff, MATTHEW ROTH, respectfully requests judgment be entered against Defendant, CREDIT ONE FINANCIAL d/b/a Credit One Bank, for the following:

34. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

35. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

36. Any other relief that this Honorable Court deems appropriate.

### COUNT II
### DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

37. Defendant's actions alleged supra constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

38. Defendant's actions alleged supra constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, MATTHEW ROTH, respectfully requests judgment be entered against Defendant, CREDIT ONE FINANCIAL d/b/a Credit One Bank, for the following:

39. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

40. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

41. All court costs, witness fees and other fees incurred; and

42. Any other relief that this Honorable Court deems appropriate.

PLAINTIFF'S VERIFIED COMPLAINT

1
2
3  Dated: February 26, 2016
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

RESPECTFULLY SUBMITTED,

KROHN & MOSS, LTD.

By: /s/ Corinne Orquiola
Corinne Orquiola
Attorney for Plaintiff

PLAINTIFF'S VERIFIED COMPLAINT